NO. 07-10-00232-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
29, 2010

 



 

BARSHA FANNER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

 

NO. 11,293; HONORABLE DAN MIKE BIRD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ABATE AND REMAND

 

Appellant,
Barsha Fanner, filed a notice of appeal from his
conviction for aggravated assault, and sentence of forty-five years
incarceration in the Institutional Division of the Texas Department of Criminal
Justice.  The appellate court clerk
received and filed the trial court clerk=s record on June 22, 2010, and the trial court reporter=s record was received and filed on
June 24, 2010.  Thus, appellant=s brief was due on or before July
26.  Appellant did not file his brief or
request an extension of time to file his brief by this deadline.  Consequently, on August 4, this Court sent
appellant notice that, pursuant to Texas Rule of Appellate Procedure 38.8,
failure to file his brief by August 16, may result in the appeal being abated
and remanded without further notice.  On
August 16, appellant filed a motion for extension of time to file appellant’s
brief requesting an extension until August 23. 
This motion was granted by this Court on August 16.  On August 23, appellant again filed a motion
for extension of time to file appellant’s brief.  This Court denied this second motion because
it failed to show good cause for the extension, and appellant was notified that
his brief was due on or before September 15, and that failure to comply with
this deadline may result in the appeal being abated and remanded without
further notice.  As of the date of this
order, appellant has failed to file his brief. 

Accordingly,
we now abate this appeal and remand the cause to the trial court.  See Tex.
R. App. P. 38.8(b)(2).  Upon remand, the judge of the trial court is
directed to immediately cause notice to be given of and to conduct a hearing to
determine: (1) whether appellant desires to prosecute this appeal; (2) if
appellant desires to prosecute this appeal, whether appellant is indigent and
whether counsel for appellant has abandoned the appeal; (3) if appellant
desires to prosecute this appeal, whether appellant=s present counsel should be replaced;
and (4) what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.  If the trial court determines that the
present attorney for appellant should be replaced, the court should cause the
Clerk of this Court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
See Tex. R. App. P. 38.8(b)(3).  In the absence
of a request for extension of time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than October 29, 2010.           

 

Per Curiam

Do not publish.